**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**UNITED STATES OF AMERICA
For and on Behalf of
and for the Use and Benefit of
MY COMPANY, INC.**                                                **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO.** 3:19-cv-528-DPJ-FKB

**CARTER'S CONTRACTING
SERVICES, INC., MERCHANTS
BONDING COMPANY (MUTUAL), and
EVEREST REINSURANCE
COMPANY,**                                                      **DEFENDANTS**

## COMPLAINT

### Jury Trial Requested

COMES NOW the United States of America, for and on behalf of and for the use and benefit of My Company, Inc. ("My Company"), Plaintiff herein, and files this its Complaint against Carter's Contracting Services, Inc. ("Carter's Contracting"), Merchants Bonding Company (Mutual) ("Merchants"), and Everest Reinsurance Company ("Everest"), and respectfully shows unto the Court the following:

### PARTIES

1.     My Company, Inc. is Kansas Corporation with its principal office located at SE Wear Avenue #A, Topeka, Kansas 66607.

2.     Defendant Carter's Contracting Services, Inc. is an Alabama Corporation with its principal place of business at 23263 Harmony Church Road, Andalusia, Alabama 36421. Defendant Carter's Contracting may be served by service on its registered agent, Picasso Nelson, 73 Canal Drive, Hattiesburg, Mississippi 39402.

3.     Defendant Merchants Bonding Company (Mutual) ("Merchants") is a foreign corporation with its principal place of business located at 6700 Westown Parkway, West Des Moines, IA 50266. Defendant Merchants may be served by service on its registered agent, United States Corporation Company, 7716 Old Canton Road, Suite C, Madison, Mississippi 39110.

4.     Defendant Everest Reinsurance Company ("Everest") is a foreign corporation with its principal place of business at 251 Little Falls Drive, Wilmington, DE 19808. Defendant Everest may be served by service on its registered agent, United States Corporation Company, located at 7716 Old Canton Road, Suite C, Madison, Mississippi 39110.

## JURISDICTION

5.     Jurisdiction over Miller Act ("Miller Act") claims is vested in this Court pursuant to 40 U.S.C. § 3133.

## VENUE

6.     Venue is proper in this court pursuant to 40 U.S.C. § 3133 (b)(3).

## STATEMENT OF FACTS

7.     The claims herein arise out of a business relationship between My Company and Carter's Contracting.

8.     Specifically, the claims herein are related to the construction of Contract No. W912EE-15-C-0012 FC/MR&T, East Bank Mississippi River Levees, Magna Vista—Brunswick, Mississippi Levee Enlargement and Berms, Item 465-L (the "Project").

9.     Upon information and belief, Carter's Contracting entered into a contract with The U.S. Army Corps of Engineers to construct the Project (the "Prime Contract"). My Company has not been provided with a copy of the Prime Contract, but My Company believes that the same is in the possession of Merchants and/or Everest.

10.     Pursuant to the Miller Act, Carter's Contracting, as principal, and Merchants and Everest, as Sureties, executed a payment bond in favor of the U.S. Army Corp of Engineers and the United States of America, as obligees, dated September 25, 2015 (the "Payment Bond"). A true and accurate copy of the Payment Bond is attached hereto as Exhibit A.

11.     Under the Payment Bond, Carter's Contracting, Merchants, and Everest bound themselves, jointly and severally, to guarantee prompt payment to all persons supplying labor and materials in the execution of the work provided in the Prime Contract.

12.     On August 9, 2017, Carter's Contracting entered into a Subcontract agreement with My Company to perform services and to supply labor and materials for the Project pursuant to the Prime Contract. A true and correct copy of the Subcontract is attached hereto as Exhibit B.

13.     At Carter's Contracting's request, My Company supplied labor and material for the Project's completion, including work on the "land side" berm, as well as the "river side" berm, after Carter's Contracting forbid My Company from continuing its contracted work on the "land side" berm until work on the "river side" berm, outside of My Company's scope of work, was completed.

14.     The value of My Company's labor and material supplied for the Project is $1,811,328.86; yet My Company has only been paid $771,139.24 by Carter's Contracting for the same.

15.     Despite demand from My Company, Carter's Contracting has refused, and continues to refuse, to pay My Company any of the unpaid principal balance due and owing for My Company's work on the Project.

16.     Therefore, in accordance with the Bond, by letter dated October 12, 2018, My Company made written demand on Merchants and Everest for payment of the unpaid balance (the

"Bond Claim"). A true and correct copy of the October 12, 2018 bond claim letter is attached hereto as Exhibit C.

17.    More than nine (9) months have passed since Merchants and Everest were notified of Carter's Contracting's nonpayment and My Company has received no payment on the Bond Claim.

18.    Despite demand from My Company, Merchants and Everest have failed and/or refused to pay My Company the outstanding principal balance for its work on the Project.

## COUNT I

## PAYMENT BOND CLAIM

### (Merchants and Everest)

19.    All of the preceding averments and allegations set forth in paragraphs 1 through 18 are incorporated herein by reference as though fully rewritten into this Count and made a part hereof.

20.    Merchants and Everest issued a Payment Bond with respect to the Project bearing Bond No. MSC 53040, having a penal sum of $8,726,100.50.

21.    Pursuant to the express terms of the Payment Bond and the Miller Act, 40 U.S.C. § 3131, et seq., Carter's Contracting, Merchants, and Everest, jointly and severally, guaranteed prompt payment to all persons supplying labor and materials in the execution of the work provided in the Prime Contract for the Project.

22.    My Company supplied labor and materials for the Project.

23.    Notwithstanding demand and notice, Defendants have failed and refused to promptly pay My Company the remaining amount for labor and materials furnished for the Project.

4

24.     More than ninety (90) days, but not more than one (1) year, have elapsed since the date on which My Company last furnished or supplied labor or materials to the Project.

25.     Defendants Merchants and Everest's failure and refusal to pay the Bond Claim constitutes a breach of its statutory and contractual obligations to My Company under the Payment Bond and the Miller Act, and said breach has proximately caused damages to My Company in at least the amount of $1,040,189.62, plus interest, the exact amount to be shown at the trial hereof.

26.     My Company is also entitled to Prompt-Payment Act Penalties pursuant to MISS. CODE ANN. § 31-5-25.

## COUNT II

## BREACH OF CONTRACT

### (Carter's Contracting)

27.     The foregoing allegations are incorporated by reference.

28.     My Company had a valid and enforceable Agreement with Carter's Contracting.

29.     By failing to pay My Company for work performed on the Project, Carter's Contracting breached its Subcontract with My Company.

30.     My Company was damaged as a result of Carter's Contracting's breach in an amount to be proven at trial, not less than 1,040,189.62.

## COUNT III

## BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

31.     The foregoing allegations are incorporated herein.

32.     The Subcontract contains implied covenants of good faith and fair dealing.

33.     In addition to the previous count, or in the alternative, Carter's Contracting breached the implied covenants of good faith and fair dealing with respect to its contract with My Company.

34.     The covenants of good faith and fair dealing imposed upon Carter's Contracting by the Subcontract required Carter's Contracting to meet the justified expectations of My Company pertaining to matters arising in conjunction to the contractual relationship, and the duty not to frustrate or deny My Company the full benefit of payment in the course of performance under the contract.

35.     In failing and refusing to compensate My Company, and, further, in Carter's Contracting's attempts to create a pretext in order to wrongfully terminate its contract with My Company, including claiming that My Company owed Carter's Contracting for services rendered elsewhere on a separate project, Carter's Contracting's breach of the implied duty of good faith and fair dealing resulted in damages to My Company.

36.     Further, in failing and refusing to pay the amounts owed to My Company, despite there being no allegation or facts that would suggest anybody other than My Company performed its scope of work for Carter's Contracting during the relevant period, Carter's Contracting has breached its duty of good faith and fair dealing, resulting in damages to My Company.

## COUNT IV

## UNJUST ENRICHMENT/QUANTUM MERUIT

### (Carter's Contracting)

37.     The foregoing allegations are incorporated by reference.

38.     Carter's Contracting unjustly received a benefit from My Company to My Company's detriment by unfairly refusing to pay the remaining balance for work that My Company performed, and Carter's Contracting accepted.

39.     As a result, My Company has been damaged and, as a matter of equity, Carter's Contracting should compensate My Company for the benefit it received by virtue of its unfair refusal to pay for services it received from My Company.

### REQUESTS FOR RELIEF

WHEREFORE, for the reasons set forth in the foregoing paragraphs, My Company demands a trial by jury, and request the following relief:

a.     Actual damages in the principal amount of $1,040,189.62;

b.     Reasonable attorneys' fees incurred herein, the exact amount to be shown at the trial of this cause;

c.     Pre-judgment interest in the amount of eight percent (8%) per annum from the date due, the exact date of which will be shown at trial, to the date of entry of the judgment;

d.     Post-judgment interest in the amount of eight percent (8%) per annum from the date of entry of the judgment until paid;

e.     Prompt Payment Act penalties;

f.     Punitive damages;

g.     All costs incurred herein; and,

h.     Such other and further relief as this Court may deem just and proper.

This the 29th day of July, 2019.

Respectfully submitted,

*/s/ Dorsey R. Carson, Jr.*
Dorsey R. Carson, Jr. (MSB #10493)
Lindsay K. Roberts (MSB #105723)
*Attorneys for Plaintiff*

**OF COUNSEL:**
CARSON LAW GROUP, PLLC
125 S. Congress Street, Suite 1336
Jackson, Mississippi 39201
Telephone: (601) 351-9831
Facsimile:  (601) 510-9056
Email: dcarson@thecarsonlawgroup.com
        lroberts@thecarsonlawgroup.com

| Bond #<br>MSC 53040 | **PERFORMANCE BOND**<br>*(See Instructions on reverse)* | DATE BOND EXECUTED *(Must be same or later than date of contract)*<br>09/25/2015 | OMB Number:  9000-0045<br>Expiration Date:  6/30/2016 |
|---|---|---|---|

PAPERWORK REDUCTION ACT STATEMENT: Public reporting burden for this collection of information is estimated to average 60 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspects of this collection of information, including suggestions for reducing this burden, to U.S. General Services Administration, Regulatory Secretariat (MVCB)/IC 9000-0045, Office of Governmentwide Acquisition Policy,1800 F Street, NW, Washington, DC 20405.

| PRINCIPAL *(Legal name and business address)*<br><br>Carter's Contracting Services, Inc<br>23263 Harmony Church Rd<br>Andalusia, AL 36420 | TYPE OF ORGANIZATION ("X" one) |
|---|---|

TYPE OF ORGANIZATION ("X" one)

☐ INDIVIDUAL   ☐ PARTNERSHIP

☐ JOINT VENTURE   ☒ CORPORATION

STATE OF INCORPORATION
AL

| SURETY(IES) *(Name(s) and business address(es)*<br><br>Merchants Bonding Company (Mutual)<br>P.O. Box 14498<br>Des Moines, IA 50306-3498<br>Everest Reinsurance Company<br>PO Box 830, Liberty Corner, NJ 07938-0830 | PENAL SUM OF BOND *(whole numbers only)* | | | |
|---|---|---|---|---|
| | MILLION(S) | THOUSANDS | HUNDRED(S) | CENTS |
| | 8 | 726 | 1 | 50 |
| | CONTRACT DATE<br>09/25/2015 | | CONTRACT NO.<br>W912EE-15-C-0012 | |

OBLIGATION

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we the sureties bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS

The Principal has entered into the contract identified above.

THEREFORE

above obligation is void if the Principal-

(a)(1)  Performs and fulfills all the undertaking, covenants, terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice of the Surety(ies) and during the life of any guaranty required under the contract, and (2) performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

(b)  Pays to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to 41 U.S.C. Chapter 31, Subchapter III, Bonds, which are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

WITNESS

The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

| PRINCIPAL | | | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. *Mertha Carter* (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) *(Typed)* | 1. Mertha Carter<br>President | 2. | 3. | |

| INDIVIDUAL SURETY(IES) | | | |
|---|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) | |
| NAME(S) *(Typed)* | 1. | 2. | |

| CORPORATE SURETY(IES) | | | | |
|---|---|---|---|---|
| SURETY A | NAME & ADDRESS | Merchants Bonding Company (Mutual)<br>PO Box 14498, Des Moines, IA 50306-3498 | STATE OF INC.<br>IA | LIABILITY LIMIT (S)<br>8,495,000 | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. Ed Sipfle, Attorney in Fact | 2. | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition not usable

STANDARD FORM 25 (REV 8/2014)
Prescribed by GSA-FAR (48 CFR) 53.228 (b)


EXHIBIT
A

| Bond #<br>MSC 53040 | PAYMENT BOND<br>*(See Instructions on reverse)* | DATE BOND EXECUTED *(Must be same or later than date of contract)*<br>09/25/2015 | OMB Number: 9000-0045<br>Expiration Date: 6/30/2016 |

PAPERWORK REDUCTION ACT STATEMENT: Public reporting burden for this collection of information is estimated to average 60 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspects of this collection of information, including suggestions for reducing this burden, to U.S. General Services Administration, Regulatory Secretariat (MVCB)/IC 9000-0045, Office of Governmentwide Acquisition Policy, 1800 F Street, Washington, DC 20405.

| PRINCIPAL *(Legal name and business address)*<br>Carter's Contracting Services, Inc<br>23263 Harmony Church Rd<br>Andalusia, AL 36420 | TYPE OF ORGANIZATION *("X" one)*<br>☐ INDIVIDUAL   ☐ PARTNERSHIP<br>☐ JOINT VENTURE   ☒ CORPORATION<br>STATE OF INCORPORATION<br>AL |

SURETY(IES) *(Name(s) and business address(es)*
Merchants Bonding Company (Mutual)
P.O. Box 14498
Des Moines, IA 50306-3498
Everest Reinsurance Company
PO Box 830
Liberty Corner, NJ 07938-0830

| PENAL SUM OF BOND *(Whole numbers only)* | | | |
|---|---|---|---|
| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
| 8 | 726 | 1 | 50 |
| CONTRACT DATE<br>09/25/2015 | CONTRACT NO.<br>W912EE-15-C-0012 | | |

**OBLIGATION:**

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit is indicated, the limit of liability is the full amount of the penal sum.

**CONDITIONS:**

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

**WITNESS:**

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

| PRINCIPAL | | | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. *Mertha Carter* (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) *(Typed)* | 1. Mertha Carter President | 2. | 3. | |

| INDIVIDUAL SURETY(IES) | | | |
|---|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) | |
| NAME(S) *(Typed)* | 1. | 2. | |

| CORPORATE SURETY(IES) | | | | | |
|---|---|---|---|---|---|
| SURETY A | NAME & ADDRESS | Merchants Bonding Company (Mutual) PO Box 14498, Des Moines, IA 50306-3498 | STATE OF INC.<br>IA | LIABILITY LIMIT<br>$ 8,495,000 | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. Ed Sipfle, Attorney in Fact | | 2. | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is NOT usable

STANDARD FORM 25A (REV. 8/2014)
Prescribed by GSA-FAR (48 CFR) 53.2228(c)

| CORPORATE SURETY(IES) *(Continued)* | | | | | |
|---|---|---|---|---|---|
| **SURETY B** | NAME & ADDRESS | Everest Reinsurance Company PO Box 830, Liberty Corner, NJ 07938-0830 | STATE OF INC. NJ | LIABILITY LIMIT $ 231,002.00 | |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. Ed Siple, Attorney in Fact | 2. | | |
| **SURETY C** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY D** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY E** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY F** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY G** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under 40 U.S.C. Chapter 31, Subchapter III, Bonds. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)."

In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the words "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

STANDARD FORM 25A (REV. 8/2014) BACK

# SUBCONTRACT
## 236-100

THIS AGREEMENT made and entered into this 9th[th]  day of August, 2017 between **Carter's Contracting Services, Inc., 23263 Harmony Church Road, Andalusia, AL  36421** party of the first part (hereinafter called the Contractor) and **My Company, 729 SE Wear Avenue #A, Topeka, KS 66607** party of the second part, (hereinafter called the Subcontractor) WITNESSETH:

WHEREAS, the Contractor desires the construction of **Contract No. W912EE-15-C-0012 FC/MR&T, East Bank Mississippi River Levees, Magna Vista –Brunswick, Mississippi Levee Enlargement and Berms, Item 465-L** (hereinafter called Project) and the Subcontractor desires to furnish and deliver all equipment, labor and material, to do and perform all the work as outlined below:

| | | |
|---|---|---|
| 1. Mobilization & Demobilization | 1 job  LS | 103,434.69 |
| 2. Demolition and Removal of Existing Pavement and salvage of existing surfacing | 1 job  LS | 172,708.62 |
| 3. Cattle Guards | 1 job  LS | 45,791.23 |
| 4. Clearing & Grubbing | 1 job  LS | 288,864.14 |
| 6. Levee Embankment, Compacted Estimated Quantity   80,470 CY  @ $3.87 per cy | | 311,418.90 |
| 7. Levee Embankment, Uncompacted Estimated Quantity  428,063 CY @ $3.85 per cy | | 1,648,042.55 |
| 8. Levee Surfacing Crushed Stone Estimated Quantity   12,900  TN @ $5.38 per TN | | 69,402.00 |
| 9. Mowing, Turfing, Solid Sodding and Erosion Control Matting | 1 job   LS | 528,036.32 |

## Bid Qualifications

1. Bid excludes testing & surveying.
2. Mobilization will be paid at 60% prior to mobilization and 40% at demobilization.
3. Contractor will purchase materials, obtain permits and deliver materials for bid item 0008.  Subcontractor will furnish all labor and equipment to place material.
4. Subcontractor will provide all superintendancey, SSHO and QC Manager for entire project inclusive of contract bid items 1-11.
5. Subcontractor will complete all required paperwork associated with managing the project.
6. Contractor agrees to leave trailer, utilities, portable toilets and internet access.
7. Subcontractor will provide contractor with technical assistance and oversight for Contractor's portion of the work (Items 5, 10 & 11)



EXHIBIT
B
tabbies

NOW, THEREFORE, the mutual covenants herein contained the parties hereto agree as follows:

1.  The Subcontractor promises and agrees to provide project management and to do and perform all the work and labor as outlined above.  The aforementioned sections of work are to be performed in strict accordance and entire conformity with the provisions of the Contract,  and the Proposal, and the Plans and Specifications (including Special Provisions and amendments) prepared by or for the Contractor, the originals of which are on file with the contractor, and which said Plans and Specifications and the Notice to Contractors and the Proposal are hereby made part of this Agreement as fully and to the same effect as if the same had been set forth at length in the body of this Agreement

2.  The Contractor agrees and promises to pay the Subcontractor for said Work at monthly intervals when completed in accordance with the Provisions of this Contract, the price as set forth in the said Proposal amounting to **unit price----** payments to be made as provided in said Specifications upon presentation of the proper certificates and upon the terms set forth in the said Specifications and pursuant to the terms of this Contract.

3.  The said work shall be done in accordance with the US Army Corps of Engineers plans and specifications, under the direct supervision, and to the entire satisfaction of the Owner, subject at all times to the inspection and approval of US Army Corps of Engineers.

4.  Subcontractor shall perform all work in a timely manner so as not to delay completion of project. .  Subcontractor is not responsible for liquidated damages.

IN WITNESS WHEREOF, CARTER'S CONTRACTING SERVICES, INC., has caused these presents to be executed by its President and MY COMPANY, INC.,  Subcontractor, has hereto set his hand and seal this the day and year above written.

ATTEST:                                                       CARTER'S CONTRACTING SERVICES, INC.

_____        By: _____
Cindy Edson, Office Administrator                   Mertha Carter, President

_____               _____
Date        8/14/17                                            Date        8/14/17

NAME OF SUBCONTRACTOR:                    MY COMPANY, INC.

By:_____
    Signature

   _____
    Title

   _____
    Printed Name

   _____
    Date



**CARSON LAW GROUP**

Capital Towers, Suite 1336
125 South Congress Street
Jackson, Mississippi 39201

Main (601) 351-9831
Fax (601) 510-9056
www.thecarsonlawgroup.com

Dorsey R. Carson, Jr.
Attorney
Admitted in AR, GA, MS and TX
MS State Bar Approved Mediator
dcarson@thecarsonlawgroup.com

October 12, 2018

<u>**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**</u>

Merchants Bonding Company
c/o United States Corporation
Company, Registered Agent
5760 I-55 North, Suite 150
Jackson, MS 39211

Everest Reinsurance Company
c/o CT Corporation System of
Mississippi, Registered Agent
645 Lakeland East Drive, Suite 101
Flowood, MS 39232

**Re:** **Claim under Performance and Payment Bond #MSC 53040 – Contract No. W912EE-15-C-0012 FC/MR&T, East Bank Mississippi River Levees, Magna Vista – Brunswick, Mississippi Levee Enlargement and Berms, Item 465-L (the "Project")**

Ladies and Gentleman:

Please accept this letter as a statement of claim on behalf of a subcontractor, My Company, Inc. ("My Company"), on the above-referenced Project. My Company has demanded that the general contractor, Carter's Contracting Services, Inc. ("Carter's Contracting"), provide payment for labor and materials covered under the bond.

My Company now files its formal claim with Merchants Bonding Company ("Merchants") and Everest Reinsurance Company ("Everest") (collectively, the "Sureties), sureties for Carter's Contracting, the Project's general contractor, under the attached Performance and Payment Bond for payment in accordance with the language contained in the bond. *See* Bond attached as Exhibit "A."

My Company has performed all work for which it was hired for the above-referenced Project pursuant to the terms of the subcontract. Carter's Contracting has failed and refused to pay My Company in accordance with the parties' agreement, despite demand and notice of the amount owing.

Accordingly, My Company now makes a claim upon Carter's Contracting's sureties, Merchants and Everest, for the $806,604.61 owed it. Please call me at your convenience should you have any questions. Otherwise, please note in a written response when My Company may expect payment. Upon receipt of payment, My Company will subrogate its claims under the contract.



EXHIBIT
C

Merchants Bonding Company
Everest Reinsurance Company
October 12, 2018
Page 2

This claim is submitted with full reservation of My Company's rights under the contract, performance and payment bond and under all applicable rules and law.

Very truly yours,

Dorsey R. Carson Jr.

DRC/sm

Enclosure

cc:   R. Ellis Screws, Contracting Office (CEMVK-CT-C), Construction & A-E Branch, Vicksburg District, U. S. Army Corps of Engineers
Ms. Mertha Carter, Carter's Contracting Services, Inc.
My Company, Inc.

| Bond #<br>MSC 53040 | PERFORMANCE BOND<br>(See Instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract)<br>09/25/2015 | OMB Number:   9000-0045<br>Expiration Date:  6/30/2016 |

PAPERWORK REDUCTION ACT STATEMENT:  Public reporting burden for this collection of information is estimated to average 60 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspects of this collection of information, including suggestions for reducing burden, to U.S. General Services Administration, Regulatory Secretariat (MVCB)/IC 9000-0045, Office of Governmentwide Acquisition Policy,1800 F Street, NW, Washington, DC 20405.

| PRINCIPAL (Legal name and business address) | TYPE OF ORGANIZATION ("X" one) | |
| Carter's Contracting Services, Inc<br>23263 Harmony Church Rd<br>Andalusia, AL 36420 | ☐ INDIVIDUAL | ☐ PARTNERSHIP |
| | ☐ JOINT VENTURE | ☒ CORPORATION |
| | STATE OF INCORPORATION<br>AL | |

| SURETY(IES) (Name(s) and business address(es)) | PENAL SUM OF BOND (whole numbers only) | | | |
| Merchants Bonding Company (Mutual)<br>P.O. Box 14498<br>Des Moines, IA 50306-3498 | MILLION(S)<br>8 | THOUSAND(S)<br>726 | HUNDRED(S)<br>1 | CENTS<br>50 |
| Everest Reinsurance Company<br>PO Box 830, Liberty Corner, NJ 07938-0830 | CONTRACT DATE<br>09/25/2015 | | CONTRACT NO.<br>W912EE-15-C-0012 | |

OBLIGATION

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we the sureties bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us.  For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS

The Principal has entered into the contract identified above.

THEREFORE

\above obligation is void if the Principal-

  (a)(1) Performs and fulfills all the undertaking, covenants, terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice of the Surety(ies) and during the life of any guaranty required under the contract, and (2) performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

  (b)    Pays to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to 41 U.S.C. Chapter 31, Subchapter III, Bonds, which are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

WITNESS

The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

| PRINCIPAL | | | | |
| SIGNATURE(S) | 1. *Mertha Carter* (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
| NAME(S) &<br>TITLE(S)<br>(Typed) | 1. Mertha Carter<br>President | 2. | 3. | |

| INDIVIDUAL SURETY(IES) | | |
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
| NAME(S)<br>(Typed) | 1. | 2. |

| CORPORATE SURETY(IES) | | | | |
| SURETY | NAME &<br>ADDRESS | Merchants Bonding Company (Mutual)<br>PO Box 14498, Des Moines, IA 50306-3498 | STATE OF INC.<br>IA | LIABILITY LIMIT ($)<br>8,495,000 | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | |
| | NAME(S) &<br>TITLE(S)<br>(Typed) | 1. Ed Sipfle, Attorney in Fact | 2. | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition not usable

STANDARD FORM 25 (REV. 8/2014)
Prescribed by GSA-FAR (48 CFR) 53.228 (b)

EXHIBIT
A

| Bond #<br>MSC 53040 | PAYMENT BOND<br>(See Instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract)<br>09/25/2015 | OMB Number: 9000-0045<br>Expiration Date: 6/30/2016 |
|---|---|---|---|

PAPERWORK REDUCTION ACT STATEMENT:  Public reporting burden for this collection of information is estimated to average 60 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspects of this collection of information, including suggestions for reducing burden, to U.S. General Services Administration, Regulatory Secretariat (MVCB) IC 9000-0045, Office of Governmentwide Acquisition Policy, 1800 F Street, , Washington, DC 20405.

| PRINCIPAL (Legal name and business address)<br>Carter's Contracting Services, Inc<br>23263 Harmony Church Rd<br>Andalusia, AL 36420 | TYPE OF ORGANIZATION ("X" one) |
|---|---|

TYPE OF ORGANIZATION ("X" one)

☐ INDIVIDUAL    ☐ PARTNERSHIP

☐ JOINT VENTURE    ☒ CORPORATION

STATE OF INCORPORATION
AL

| SURETY(IES) (Name(s) and business address(es))<br>Merchants Bonding Company (Mutual)<br>P.O. Box 14498<br>Des Moines, IA 50306-3498<br>Everest Reinsurance Company<br>PO Box 830<br>Liberty Corner, NJ 07938-0830 | PENAL SUM OF BOND (Whole numbers only) | | | |
|---|---|---|---|---|
| | MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
| | 8 | 726 | 1 | 50 |
| | CONTRACT DATE<br>09/25/2015 | | CONTRACT NO.<br>W912EE-15-C-0012 | |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

| PRINCIPAL | | | |
|---|---|---|---|
| SIGNATURE(S) | 1. *Mertha Carter* (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. Mertha Carter President | 2. | 3. | |

| INDIVIDUAL SURETY(IES) | | |
|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
| NAME(S) (Typed) | 1. | 2. |

| CORPORATE SURETY(IES) | | | | |
|---|---|---|---|---|
| SURETY A | NAME & ADDRESS | Merchants Bonding Company (Mutual)<br>PO Box 14498, Des Moines, IA 50306-3498 | STATE OF INC.<br>IA | LIABILITY LIMIT<br>$ 8,495,000 | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | |
| | NAME(S) & TITLE(S) (Typed) | 1. Ed Sipfle, Attorney in Fact | 2. | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is NOT usable

STANDARD FORM 25A (REV. 8/2014)
Prescribed by GSA-FAR (48 CFR) 53.2228(c)

| | | CORPORATE SURETY(IES) *(Continued)* | | | |
|---|---|---|---|---|---|
| **SURETY B** | NAME & ADDRESS | Everest Reinsurance Company<br>PO Box 830, Liberty Corner, NJ 07938-0830 | STATE OF INC.<br>NJ | LIABILITY LIMIT<br>$ 231,002.00 | |
| | SIGNATURE(S) | 1. | | 2. | |
| | NAME(S) & TITLE(S) (Typed) | 1. Ed Sipfle, Attorney in Fact | | 2. | |
| **SURETY C** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT<br>$ | |
| | SIGNATURE(S) | 1. | | 2. | |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | |
| **SURETY D** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT<br>$ | |
| | SIGNATURE(S) | 1. | | 2. | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | |
| **SURETY E** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT<br>$ | |
| | SIGNATURE(S) | 1. | | 2. | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | |
| **SURETY F** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT<br>$ | |
| | SIGNATURE(S) | 1. | | 2. | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | |
| **SURETY G** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT<br>$ | |
| | SIGNATURE(S) | 1. | | 2. | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under 40 U.S.C. Chapter 31, Subchapter III, Bonds. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)."

In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the words "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

STANDARD FORM 25A (REV. 8/2014) BACK



# MERCHANTS
## BONDING COMPANY™

## POWER OF ATTORNEY
### for Company Employees

Know All Persons By These Presents, that MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC., both being corporations of the State of Iowa (herein collectively called the "Companies") do hereby make, constitute and appoint the following company employees, individually,

### Ed Sipfle

their true and lawful Attorney(s)-in-Fact, to make, execute, seal and deliver on behalf of the Companies, as Surety, bonds, undertakings and other written obligations in the nature thereof, subject to the limitation that any such instrument shall not exceed the amount of:

### Unlimited

This Power-of-Attorney is granted and is signed and sealed by facsimile under and by authority of the following By-Laws adopted by the Board of Directors of Merchants Bonding Company (Mutual) on April 23, 2011 and adopted by the Board of Directors of Merchants National Bonding, Inc., on October 24, 2011.

"The President, Secretary, Treasurer, or any Assistant Treasurer or any Assistant Secretary or any Vice President shall have power and authority to appoint Attorneys-in-Fact, and to authorize them to execute on behalf of the Company, and attach the seal of the Company thereto, bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof."

"The signature of any authorized officer and the seal of the Company may be affixed by facsimile or electronic transmission to any Power of Attorney or Certification thereof authorizing the execution and delivery of any bond, undertaking, recognizance, or other suretyship obligations of the Company, and such signature and seal when so used shall have the same force and effect as though manually fixed."

In connection with obligations in favor of the Florida Department of Transportation only, it is agreed that the power and authority hereby given to the Attorney-in-Fact includes any and all consents for the release of retained percentages and/or final estimates on engineering and construction contracts required by the State of Florida Department of Transportation. It is fully understood that consenting to the State of Florida Department of Transportation making payment of the final estimate to the Contractor and/or its assignee, shall not relieve this surety company of any of its obligations under its bond.

In connection with obligations in favor of the Kentucky Department of Highways only, it is agreed that the power and authority hereby given to the Attorney-in-Fact cannot be modified or revoked unless prior written personal notice of such intent has been given to the Commissioner-Department of Highways of the Commonwealth of Kentucky at least thirty (30) days prior to the modification or revocation.

In Witness Whereof, the Companies have caused this instrument to be signed and sealed this 14th day of    August    ,  2015  .

MERCHANTS BONDING COMPANY (MUTUAL)
MERCHANTS NATIONAL BONDING, INC.

By *Larry Taylor*

President

STATE OF IOWA
COUNTY OF DALLAS ss.

On this 14th day of    August    ,  2015  , before me appeared Larry Taylor, to me personally known, who being by me duly sworn did say that he is President of the MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC.; and that the seals affixed to the foregoing instrument are the Corporate Seals of the Companies; and that the said instrument was signed and sealed in behalf of the Companies by authority of their respective Board of Directors.

WENDY WOODY
Commission Number 784654
My Commission Expires
June 20, 2017

*Wendy Woody*
Notary Public, Polk County, Iowa

(Expiration of notary's commission
does not invalidate this instrument)

I, William Warner, Jr., Secretary of the MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC., do hereby certify that the above and foregoing is a true and correct copy of the POWER-OF-ATTORNEY executed by said Companies, which is still in full force and effect and has not been amended or revoked.

In Witness Whereof, I have hereunto set my hand and affixed the seal of the Companies on this 25th day of    September    ,  2015  .

*William Warner Jr.*
Secretary

POA 0015 (6/15)

| | | CORPORATE SURETY(IES) (Continued) | | |
|---|---|---|---|---|
| SURETY B | NAME & ADDRESS | Everest Reinsurance Company PO Box 830, Liberty Corner, NJ 07938-0830 | STATE OF INC. NJ | LIABILITY LIMIT (S) 231,002 |
| | SIGNATURE(S) | 1. | 2. | |
| | NAME(S) & TITLE(S) (Typed) | 1. Ed Sipfle, Attorney in Fact | 2. | |
| SURETY C | NAME & ADDRESS | | STATE OF INC. | LIABILITY LI... |
| | SIGNATURE(S) | 1. | 2. | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | |
| SURETY D | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT (S) |
| | SIGNATURE(S) | 1. | 2. | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | |
| SURETY E | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT (S) |
| | SIGNATURE(S) | 1. | 2. | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | |
| SURETY F | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT (S) |
| | SIGNATURE(S) | 1. | 2. | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | |
| SURETY G | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT (S) |
| | SIGNATURE(S) | 1. | 2. | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | |

| BOND PREMIUM ▶ | RATE PER THOUSAND (S) $9.00/6.30/5.40/4.80/4.50 | TOTAL (S) 48,117.00 |
|---|---|---|

## INSTRUCTIONS

1. This form is authorized for use in connection with Government contracts. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE

SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the words "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

STANDARD FORM 25 (REV. 8/2014) BACK

# CIVIL COVER SHEET

3:19-cv-528-DPJ-FKB

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America For and on Behalf of and for the Use and Benefit of My Company, Inc.

## DEFENDANTS

Carter's Contracting Services, Inc. and Merchants Bonding Company (Mutual)

**(b)** County of Residence of First Listed Plaintiff    Shawnee Co., MO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Covington Co., AL
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Carson Law Group, PLLC
125 S. Congress St., Suite 1336, Jackson, Mississippi 39201
(601) 351-9831

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
   Plaintiff

☒ 3  Federal Question
   *(U.S. Government Not a Party)*

☐ 2  U.S. Government
   Defendant

☐ 4  Diversity
   *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☒ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | |
| | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
   Proceeding

☐ 2  Removed from
   State Court

☐ 3  Remanded from
   Appellate Court

☐ 4  Reinstated or
   Reopened

☐ 5  Transferred from
   Another District
   *(specify)*

☐ 6  Multidistrict
   Litigation -
   Transfer

☐ 8  Multidistrict
   Litigation -
   Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Miller Act, 40 U.S.C. §§ 3131 - 3134; 28 U.S.C. § 1331
Brief description of cause:
Miller Act (Payment Bond) and Breach of Contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
   UNDER RULE 23, F.R.Cv.P.

DEMAND $
1,040,189.62

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                                        DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD
/s/Dorsey R. Carson, Jr.

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# 0538-4047332